

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| JOE CLYDE TUBWELL, | ) | Case No.: | 19-12163-JDW |
| | ) | | |
| Debtor. | ) | Chapter: | 13 |

## ORDER DENYING MOTION TO RECONSIDER (DKT. # 80)

This matter came before the Court on the Motion to Reconsider and Reinstate Automatic Stay (the "Motion to Reconsider") (Dkt. # 80) filed by the debtor, Joe Clyde Tubwell, on September 13, 2019. A hearing was held on November 12, 2019. The debtor presented no newly discovered evidence and his arguments were untimely. He further failed to cite any legal authority in his pleadings or at the hearing that would entitle him to the relief requested. Accordingly, the Motion to Reconsider is due to be denied.

1

A motion for relief from stay (Dkt. # 62) was filed by Specialized Loan Servicing, LLC on August 14, 2019. The Court set a response deadline of September 3. (Dkt. # 64). The debtor failed to respond. Instead, he filed a motion requesting an additional 14 days to respond and requested that the hearing on the creditor's motion be rescheduled. (Dkt. # 75). The sole ground stated in the extension was that the debtor was "in need of such time in [o]rder to perform the necessary research and preparation of the response to the issues." (Dkt. # 75). The extension request was denied (Dkt. # 76), and the motion for relief was granted on September 12. (Dkt. # 79). The next day, the debtor filed his Motion to Reconsider where for the first time he alleged that the creditor had served him with an illegible copy of the motion for relief. (Dkt. # 80).

In the six months this case has been pending, the debtor has routinely sought extensions of deadlines set by the Court. (Dkt. ## 4, 15, 39, and 75). Further, in October, the debtor appeared at a docket call when he had nothing pending before the Court and *ore tenus* asked the Court for more time to comply with a previously-entered agreed order. Throughout the life of the case, the debtor has exhibited a pattern and practice of delay.

The debtor has now failed to cite any legal authority or procedural rule as to why he is entitled to the relief requested. Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings

by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, apply to motions to alter or amend a judgment or to provide relief from a judgment or order. The burden of proof is on the party seeking relief from the judgment or order.[1] The United States Court of Appeals for the Fifth Circuit has held that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[2] Instead it "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[3] The debtor's motion fails to provide any adequate grounds to set aside or alter the judgment under Rule 59(e). Instead, the debtor makes arguments that could have been offered or raised before the creditor's motion was granted.

The debtor's motion also fails under Rule 60. Rule 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[1] *In re Koper*, 552 B.R. 208, 215 (Bankr. E.D.N.Y. 2016).
[2] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[3] *Id.*

3

(6) any other reason that justifies relief.[4]

In the Motion to Reconsider, the debtor alleges no mistake or excusable neglect. No newly discovered evidence was presented. No arguments were presented that would rise to the level of fraud, misrepresentation, or misconduct by an opposing party. The debtor fails to raise any grounds that would entitle him to relief under any of the prongs of Rule 60(b). While the "catch-all" prong of Rule 60(b)(6) provides that relief may be granted for "any other reason that justifies relief,"[5] it is reserved for "exceptional" or "extraordinary" circumstances.[6] No exceptional or extraordinary circumstances exist here.

The debtor argues for the first time in his Motion to Reconsider that the creditor served him with an illegible copy of the motion for relief. If the debtor was served with a copy that he could not read, that fact was known to him well in advance of the response deadline and entry of the order that he now seeks to set aside. He could have raised the issue in a response to the motion. He could have raised it in his motion to extend. He could have called or written to opposing counsel and asked for a legible copy. Instead the debtor sought more time to research and respond to a document he now claims he cannot read. If the debtor had timely presented his arguments, he might have prevailed.

---

[4] Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024.
[5] *Id.*
[6] *Diaz v. Stephens*, 731 F.3d 370, 375-376 (5th Cir. 2013).

Instead, he has now presented a new argument and failed to cite any authority or grounds that would satisfy the standard for reconsideration.

The fact that the debtor did not timely raise his argument, coupled with the fact that the debtor has demonstrated a pattern and practice of delay, causes this Court to conclude that this is a litigation tactic, not a legitimate plea for relief. The debtor has failed to meet his burden under either Rule 59 or Rule 60. Accordingly, it is hereby,

**ORDERED, ADJUDGED,** and **DECREED** that the Motion to Reconsider (Dkt. # 80) is **DENIED.**

##END OF ORDER##